ORIGINAL

# In the United States Court of Federal Claims

No. 17-622C
(Filed October 25, 2017)
NOT FOR PUBLICATION

```
*****************************************
                                        *
VAN THOMAS GREEN,                       *
                                        *
                Plaintiff,              *
                                        *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant,              *
                                        *
*****************************************
```

FILED
OCT 2 5 2017
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On May 8, 2017, plaintiff Van Thomas Green, who is proceeding *pro se*, filed a complaint in this court. Complaints filed in this court must be accompanied by either a $400 filing fee pursuant to Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC) or an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. At the time Mr. Green filed his complaint, he attached a motion for leave to proceed *in forma pauperis*—which was granted by the Court on July 27, 2017. *See* ECF No. 7.

On June 23, 2017, the government filed a motion to dismiss this case under RCFC 12(b)(1) and 12(b)(6), alleging that the plaintiff's claims fall outside of the court's jurisdiction or otherwise fail to state a claim upon which relief can be granted. ECF No. 6. A response was due from Mr. Green by July 24, 2017, but Mr. Green failed to file any form of a response. Recognizing Mr. Green's *pro se* status, this Court—on its own motion—extended the deadline until September 26, 2017. ECF No. 8. The order extending the filing time made clear, however, that failure to file a response would mean that Mr. Green's case would be dismissed for failure to prosecute under Rule 41(b). *Id.* Mister Green still failed to file a response.

Because Mr. Green has not responded to the government's motion to dismiss this matter, this case is **DISMISSED** for failure to prosecute under RCFC 41(b). The government's motion to dismiss this case is therefore **DENIED** as moot. The Court notes, however, that subject-matter jurisdiction likely does not exist in this case. Plaintiff, whose grandmother was a member of the Choctaw Nation, appears

7017 1450 0000 1346 1826

to be alleging that the United States breached treaty obligations owed his ancestors. The complaint does not specify any action taken by the government in the six years prior to the filing of the complaint, and thus any cause of action would seemingly be time-barred. *See* 28 U.S.C. § 2501. Moreover, treaty claims under the Indian Tucker Act, 28 U.S.C. § 1505, must be brought by an "identifiable group" and not individual tribal members. *Boye v. United States*, 90 Fed. Cl. 392, 405 n.13 (2009) (citing *Fields v. United States*, 191 Ct. Cl. 191, 195–96 (1970)).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge